IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ARJUNE AHMED,**

                       **Plaintiff,**

        v.                                   **CASE NO. 22-3199-JWL-JPO**

**D. DONLEY, et al.,**

                       **Defendants.**

**MEMORANDUM AND ORDER**

**I.     Nature of the Matter before the Court**

Plaintiff Arjune Ahmed, who is incarcerated at the United States Penitentiary in Leavenworth, Kansas (USPL), has filed this pro se civil action pursuant to 28 U.S.C. § 1331, seeking relief from federal officials for the alleged violations of his constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). He names as defendants C/O D. Donley, D.H.O. Deloiah, Nurse Gabriel, Dr. Clark, Lt. Heartley, Lt. Carran, Lt. Shilakter, Warden D. Hudson, Lt. Jergenson, Captain Keller, and C.M. Collins. (Doc. 1, p. 2-4.)

As the factual background for this complaint, Plaintiff alleges that while he was in cell 363 at USPL, another inmate threatened him with a knife, pulled down his pants, and tried to rape him. (Doc. 1, p. 2.) Plaintiff begged Defendant Donley for help, but Defendant Donley refused. *Id.* Plaintiff also alleges that Defendant Deloiah "SITED [Plaintiff] THE DR PAPERS [*sic*]"; Defendant Gabriel "lied, and refused to give [Plaintiff] a[n] assessment and pain pills"; Defendant Clark "refused to help" Plaintiff; Defendants Heartley, Carran, and Jergenson lied about Plaintiff being sexually assaulted; Defendant Shilakter "lied changing [Plaintiff's] statement of [him] getting sexually assaulted"; Defendant Hudson "refused to help" Plaintiff; Defendant Jergenson harassed

1

Plaintiff; Defendant Keller "refused to follow by [*sic*] the safety rules"; and Defendant Collins "refused to do a[n] investigation." *Id.* at 2-4.

As Count I of his complaint, Plaintiff claims that his rights under the Eighth and Fourteenth Amendments to the United States Constitution were violated. *Id.* at 5. In the portion of the form for setting forth the facts that support Count I, Plaintiff states only "A-2 Unit Camera Back half c/o Donley refused to help me when I told him to help me. Medical Records Administrative Receipt # 1129721-F1." *Id.* As Count II, Plaintiff summarily alleges his Eighth Amendment rights were violated when he was subjected to cruel and unusual punishment and as Count III, he summarily alleges "Deprivation of Life" in violation of the Fourteenth Amendment. *Id.* at 5-6. For facts in support of Counts II and III, Plaintiff only refers the Court to "Administrative Receipt #1129721-F1." *Id.* at 5-6. As relief, Plaintiff requests money damages in an amount between $5,000,000.00 and $10,000,000.00. *Id.* at 7.

## II.    Screening Standards[1]

Because Plaintiff is a prisoner, the Court is required to screen the complaint and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. §§ 1915A(a)-(b). He proceeds pro se, so the Court liberally construes the complaint and applies less stringent standards than it would to formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). During this initial screening, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558

---

[1] Because *Bivens* claims and claims brought under 42 U.S.C. § 1983 are analogous, the Court cites to legal authority regarding both. *See Hernandez v. Mesa*, 140 S. Ct. 735, 747 (2020) (noting the parallel between the two causes of action).

(2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* (quotation marks and citations omitted). Under this new standard, "a plaintiff must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

**III.     Analysis**

This matter is subject to dismissal because Plaintiff has not alleged sufficient facts to support a plausible claim upon which relief can be granted. As noted above, to state a claim, Plaintiff "must explain what each defendant did to [him]; when the defendant did it; how the defendant's action harmed [him]; and, what specific legal right [he] believes the defendant violated." *See Nasious*, 492 F.3d at 1163. The complaint currently before the Court does not identify the timing of any of the events underlying this action, nor does it explain any defendant's actions in sufficient detail to state a plausible claim for relief. Although Plaintiff has referred the Court to security camera footage, medical records, and an administrative receipt, those items have not been filed with the Court. For purposes of initial screening under § 1915A, Plaintiff must describe the factual allegations specifically enough to support a facially plausible claim for relief; he may not simply refer the Court to documents not before the Court.

Even liberally construing the complaint, as is appropriate since Plaintiff proceeds pro se, the complaint does not contain sufficient facts to support a plausible claim for relief. For example, Plaintiff does not state when the attempted rape occurred or how Defendant Donley communicated his refusal to help Plaintiff. Plaintiff does not explain the timing or content of the lies allegedly told by Defendants Gabriel, Heartley, Carran, Shilakter, or Jergenson. He does not explain when Defendant Gabriel refused to assess him or refused to give him pain medication, nor does he explain why he believes he was entitled to pain medication. He does not allege facts that show how Defendant Hudson refused to help him, what safety rules Defendant Keller refused to follow, or the circumstances under which Defendant Collins refused to investigate. In other words, the complaint contains only "conclusory allegations without supporting factual averments," which "are insufficient to state a claim upon which relief can be based." *See Hall*, 935 F.2d at 1110.

## IV. Amended Complaint Required

The lack of specific factual allegations means that the current complaint is fatally deficient. Plaintiff therefore is given the opportunity to file a complete and proper amended complaint on court-approved forms in which he (1) identifies proper defendants in both the caption of the complaint and the body of the complaint; (2) alleges sufficient facts to state a plausible claim of a federal constitutional violation; and (3) alleges sufficient facts to show personal participation by each named defendant.

Plaintiff is cautioned that an amended complaint is not a supplement to the original complaint. Rather, the amended complaint completely replaces the original complaint. Thus, any claims or allegations not included in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those already set forth in the original complaint. Plaintiff must write the number of this case (22-3199) at the top of the first page of his amended complaint. In addition, Plaintiff must make all necessary factual allegations in the amended complaint and not rely on referring the Court to documents or evidence not filed with this Court. He must name each defendant in the caption and he must refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. Again, Plaintiff must allege sufficient facts to show a federal constitutional violation. If Plaintiff does not file an amended complaint within the prescribed time, this matter will proceed upon the current deficient complaint and will be dismissed.

Plaintiff's motion to proceed without prepayment of fees (Doc. 2) remains pending. Plaintiff is reminded that he must file the required financial information to support his motion to proceed without prepayment of fees on or before October 11, 2022 or this matter may be dismissed without further prior notice to Plaintiff. (See Doc. 3.)

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including October 13, 2022, to file a complete and proper amended complaint to cure the deficiencies discussed herein. The clerk is directed to send *Bivens* forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:   This 13th day of September, 2022, at Kansas City, Kansas.

<u>S/ James P. O'Hara</u>

JAMES P. O'HARA
United States Magistrate Judge