IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARJUNE AHMED,

        **Plaintiff,**

   v.               CASE NO. 22-3199-JWL-JPO

D. DONLEY, et al.,

        **Defendants.**

**MEMORANDUM AND ORDER**

**I. Nature of the Matter before the Court**

Plaintiff Arjune Ahmed, who is incarcerated at the United States Penitentiary in Leavenworth, Kansas (USPL), filed this pro se civil action pursuant to 28 U.S.C. § 1331, seeking relief from federal officials for the alleged violations of his constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). This matter comes before the Court on Plaintiff's amended complaint, which he filed on September 26, 2022. (Doc. 8.)

**II. Procedural History**

Plaintiff filed his initial complaint on September 9, 2022. (Doc. 1.) Because Plaintiff is a prisoner, the Court was required to screen the complaint and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. §§ 1915A(a)-(b). Plaintiff proceeds pro se, so the Court liberally construed the complaint and applied less stringent standards than it would to formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Even liberally construing the complaint, however, the Court concluded after review that this matter was subject to dismissal because Plaintiff had failed to allege sufficient facts to support a

1

plausible claim upon which relief can be granted. (*See* Doc. 4, p. 4.) Thus, on September 13, 2022, the Court issued a Memorandum and Order (M&O) setting forth the relevant standards for stating a viable claim for relief in a federal habeas matter and pointing out some of the specific areas in which Plaintiff's complaint was deficient. The M&O directed Plaintiff to file a complete and proper amended complaint that cures the deficiencies discussed therein. *Id.* at 6.

On September 19, 2022, Plaintiff filed 10 pages of handwritten information that appeared to be intended to supplement his complaint. (Docs. 5 and 6.) The following day, the Court issued a second M&O reminding Plaintiff that he must file a complete and proper amended complaint on court-approved forms, as directed, and informing Plaintiff that the Court would not consider the supplements. (Doc. 7.) On September 26, 2022, Plaintiff filed the amended complaint. (Doc. 8.)

## III.    Screening Standards[1]

As with the original complaint, the Court is required to screen the amended complaint and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. §§ 1915A(a)-(b). The Court liberally construes the pro se amended complaint and applies less stringent standards than it would to formal pleadings drafted by attorneys. *See Erickson*, 551 U.S. at 94. During this initial screening, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935

---

[1] Because *Bivens* claims and claims brought under 42 U.S.C. § 1983 are analogous, the Court cites to legal authority regarding both. *See Hernandez v. Mesa*, 140 S. Ct. 735, 747 (2020) (noting the parallel between the two causes of action).

F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Id.* (quotation marks and citations omitted). Under this new standard, "a plaintiff must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

**IV.     Analysis**

As the factual background for the amended complaint, Plaintiff alleges that at 8:30 p.m. on June 8, 2022, Plaintiff told Defendant Donley, a corrections officer at USPL, that Plaintiff's cellmate was threatening Plaintiff with a knife. *Id.* at 2. Defendant Donley refused to help. At 10:20 p.m. that same night, Plaintiff's cellmate woke him; punched him in the face, ribs, and chest; and threw him from the top bunk to the floor. Plaintiff's cellmate then pulled out a knife, told Plaintiff to be quiet, and tried to rape Plaintiff while threatening Plaintiff with the knife. *Id.*

In Count I of the amended complaint, Plaintiff asserts: "A-2 unit camera back half CO Donley refused to help me when I told him to help me." *Id.* at 3. As supporting facts for this count, Plaintiff states: "Medical Records and [Ad]ministrative Receipt # 1125768-R1." *Id.* In Count II, Plaintiff asserts that he suffered cruel and unusual punishment in violation of his Eighth Amendment rights. *Id.* As supporting facts, he refers the Court to administrative receipt number 1129721-F1. *Id.* In Count III, he asserts "Deprivation of Life in Violation of The Fourteenth Amendment." *Id.* at 3-4. As supporting facts, he refers the Court generally to his medical records as well as specifically to the two administrative receipts identified above. *Id.* at 4. In his request for relief, Plaintiff seeks $5,000,000.00 to $10,000,000.00.

Although the amended complaint cures some of the deficiencies the Court's first M&O identified in the original complaint, it does not cure them all, nor does it fully comply with the M&O's directions. First, the M&O twice advised Plaintiff that he must name each defendant in the caption of the amended complaint and he must refer to each defendant again in the body of the amended complaint. (Doc. 4, p. 5.) Yet the caption of the amended complaint identifies the defendants as "D. Donley, et al." (Doc. 8, p. 1.) Two defendants are named in the "Jurisdiction" section of the form complaint for identifying defendants: Defendant Donley and Defendant Heartley. *Id.* at 1-2. Two pages are attached to the amended complaint that contain numbered

4

paragraphs related to individuals named as defendants in the original complaint, but it is unclear whether those individuals are defendants in the amended complaint, which must stand on its own. *See id.* at 6. Moreover, although the attached pages contain factual assertions about the individuals' behavior, none of the individuals are mentioned in portion of the form complaint designated for Plaintiff to state the supporting facts for each alleged Count. *Id.* at 3-4.

This leads to the second problem with the amended complaint: the failure to properly identify the federal law or constitutional provision Plaintiff believes was violated. As noted above and in the first M&O, part of stating a claim for relief in a case such as this is identifying "what specific legal right the plaintiff believes the defendant violated." *See Nasious*, 492 F.3d at 1163. The "Cause of Action" section of the form complaint includes the language "I allege that my claims arise under the following constitutional provisions or laws of the United States" followed by space for a plaintiff to identify the constitutional provision or federal law related to Count I, Count II, and Count III. (*See* Doc. 8, p. 3.) Count I of the first amended complaint does not identify a federal law or constitutional provision. Although Defendant Donley is mentioned by name in Count I, Count I does not identify the constitutional provision or federal law that Plaintiff believes Defendant Donley violated. Liberally construing the amended complaint, it appears that Plaintiff may wish to argue that Defendant Donley violated his Eighth Amendment rights when he failed to heed Plaintiff's request for help or protection. But due to the insufficiencies in the amended complaint, it is not clear. Count III alleges "Deprivation of Life in violation of the Fourteenth Amendment," but Plaintiff has not been deprived of life, he remains alive.

In addition, the Court cannot turn to the facts supporting Counts I, II, and III for clues to which federal law or constitutional provision Plaintiff believes was violated because the amended complaint fails to properly identify the facts supporting each claim. In the same "Cause of Action" section of the form complaint, there are specific places to relate the supporting facts for each claim.

At the beginning of those sections, the form instructs: "Include all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument." (Doc. 8, p. 3.)

In the original complaint, the facts stated in support of Counts I, II, and III were largely references to medical records and an administrative receipt. (Doc. 1, p. 5-6.) The Court's first M&O explained:

> Although Plaintiff has referred the Court to security camera footage, medical records, and an administrative receipt, those items have not been filed with the Court. For purposes of initial screening under § 1915A, Plaintiff must describe the factual allegations specifically enough to support a facially plausible claim for relief; he may not simply refer the Court to documents not before the Court.

(Doc. 4, p. 4.) Later in that order, the Court directed Plaintiff that in the amended complaint, he "must make all necessary factual allegations in the amended complaint and not rely on referring the Court to documents or evidence not filed with this Court." *Id.* at 5.

Despite this instruction, the sections of the amended complaint for supporting facts again merely refer the Court to medical records and administrative receipts. This remains insufficient. Plaintiff must allege specific facts in support of each claim for relief in the appropriate section of the form complaint. In the section for supporting facts, Plaintiff must explain "what each defendant did to [the pro se plaintiff]; when the defendant did it; [and] how the defendant's action harmed [the plaintiff] . . . ." *See Nasious*, 492 F.3d at 1163.

The Court acknowledges that Plaintiff has included additional factual allegations on the pages attached to the complaint that list additional individuals. But some of the allegations are vague and conclusory and therefore are not sufficient to state a claim for relief. The first M&O provided examples of insufficient allegations from the original complaint:

> For example, Plaintiff does not state when the attempted rape occurred or how Defendant Donley communicated his refusal to help Plaintiff. Plaintiff does not explain the timing or content of the lies allegedly told by Defendants Gabriel, Heartley, Carran, Shilakter, or Jergenson. He does not explain when Defendant Gabriel refused to assess him or refused to give him pain medication, nor does he explain why he believes he was entitled to pain medication. He does not allege facts that show how Defendant Hudson refused to help him, what safety rules Defendant Keller refused to follow, or the circumstances under which Defendant Collins refused to investigate. In other words, the complaint contains only "conclusory allegations without supporting factual averments," which "are insufficient to state a claim upon which relief can be based." *See Hall*, 935 F.2d at 1110.

(Doc. 4, p. 4.)

To Plaintiff's credit, the amended complaint alleges more specific facts regarding some of the individuals in the language quoted above. For instance, a page attached to the amended complaint asserts that "Lt[.] Carran He Lied about saying That I am The one who beat my celly up when He is not even There That night and He gave me a write out For nothing. He Lied! [*sic*]" (Doc. 8, p. 6.) However, the amended complaint also includes vague and conclusory allegations such as that Lt. Shilakter and Lt. Jergenson "lied on my statement." *See id.* As noted in the first M&O, Plaintiff must explain the content of the lies if he wishes to rely on them as a ground for relief. And he must do so in the section of the complaint that connects the supporting facts to the claims for relief so that the Court can determine which defendant Plaintiff believes violated which federal law or constitutional provision by which action or inaction.[2]

Plaintiff's allegations are serious. Liberally construing the amended complaint as a whole, Plaintiff contends that he told Defendant Donley that his cellmate threatened him with a knife, but

---

[2] Similarly, the only portion of the amended complaint that identifies the actions by Defendant Heartley that Plaintiff believes entitle him to relief is the portion identifying her as a defendant. (*See* Doc. 8, p. 2.) Defendant Heartley is not mentioned in the supporting facts for Count I, Count II, or Count III. *See id.* at 3-4. Thus, it is not clear what federal violation Plaintiff believes Defendant Heartley committed. Relatedly, although Defendant Donley is mentioned by name in Count I, Count I does not identify the constitutional provision or federal law that Plaintiff believes Defendant Donley violated. Liberally construing the amended complaint, it appears that Plaintiff may wish to argue that Defendant Donley violated his Eighth Amendment rights by refusing to help or protect Plaintiff. But due to the insufficiencies in the amended complaint, it is not clear.

Defendant Donley refused Plaintiff's request for help. That same night, Plaintiff's cellmate punched him, threw him from the top bunk, and attempted to rape him at knifepoint. Plaintiff further alleges that other officers refused to investigate the attack, falsified reports about the attack, fraudulently altered Plaintiff's statement about the attack, and said to him, "[W]e should leave you in the cell without no [*sic*] help so [you] can get raped in there." *Id.* at 2, 6-7.

Unfortunately, even liberally construing the amended complaint, its deficiencies leave it subject to dismissal for failure to state a claim on which relief can be granted. As noted above, it is not clear which individuals Plaintiff intends to name as defendants, it is not clear which federal constitutional provisions or federal laws Plaintiff believes each defendant violated, and, for some defendants, it is not clear which actions Plaintiff believes constituted the violations. As noted above and in the first M&O, to state a claim, Plaintiff "must explain what each defendant did to [him]; when the defendant did it; how the defendant's action harmed [him]; and, what specific legal right [he] believes the defendant violated." *See Nasious*, 492 F.3d at 1163.

**IV. Amended Complaint Required**

For all the reasons set forth above, the amended complaint is fatally deficient. The Court will give Plaintiff a final opportunity to file a complete and proper second amended complaint on court-approved forms in which he (1) identifies proper defendants in both the caption of the complaint and the body of the complaint; (2) alleges sufficient facts to state a plausible claim of a federal constitutional violation; and (3) alleges sufficient facts to show personal participation by each named defendant in a federal constitutional violation.

The second amended complaint is not a supplement to earlier complaints. If Plaintiff files a second amended complaint, it will completely replace the original complaint and the amended complaint. Thus, any claims or allegations not included in the second amended complaint will no longer be before the Court. Plaintiff may not simply refer to an earlier complaint; the second

amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including those already set forth in the original or amended complaint. Plaintiff must write the number of this case (22-3199) at the top of the first page of his second amended complaint.

Plaintiff must make all necessary factual allegations in the second amended complaint and not rely on referring to documents or evidence not filed with this Court. He must name each defendant in the caption and he must refer to each defendant again in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant, including dates, locations, and circumstances. In other words, he must identify each federal constitutional provision he believes was violated and allege facts explaining how the named defendants participated in the violation. If Plaintiff does not file a second amended complaint within the prescribed time, this matter will proceed upon the current deficient complaint and will be dismissed.

Plaintiff's motion to proceed without prepayment of fees (Doc. 2) remains pending. Plaintiff is reminded that he must file the required financial information to support his motion to proceed without prepayment of fees on or before October 11, 2022 or this matter may be dismissed without further prior notice to Plaintiff. (See Doc. 3.)

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including October 28, 2022, to file a complete and proper second amended complaint to cure the deficiencies discussed herein. The clerk is directed to send *Bivens* forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:   This 28th day of September, 2022, at Kansas City, Kansas.

S/ James P. O'Hara

JAMES P. O'HARA
United States Magistrate Judge
