IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARJUNE AHMED,

                                **Plaintiff,**

        v.                                                         CASE NO. 22-3199-JWL-JPO

D. DONLEY, et al.,

                                **Defendants.**

### MEMORANDUM AND ORDER

**I.    Nature of the Matter before the Court**

Plaintiff Arjune Ahmed, who is incarcerated at the United States Penitentiary in Leavenworth, Kansas (USPL), filed this pro se civil action pursuant to 28 U.S.C. § 1331, seeking relief from federal officials for the alleged violations of his constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). This matter comes before the Court on Plaintiff's second amended complaint, which he filed on October 6, 2022. (Doc. 12.)

**II.    Procedural History**

Plaintiff filed his initial complaint on September 9, 2022. (Doc. 1.) Because Plaintiff is a prisoner, the Court was required to screen the complaint and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. §§ 1915A(a)-(b). Plaintiff proceeds pro se, so the Court liberally construed the complaint and applied less stringent standards than it would to formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Even liberally construing the complaint, however, the Court concluded after review that this matter was subject to dismissal because Plaintiff had failed to allege sufficient facts to support a plausible claim upon which relief can be granted. (*See* Doc. 4, p. 4.) Thus, on September 13, 2022, the Court issued a Memorandum and Order (M&O) setting forth the relevant standards for stating a viable claim for relief in a *Bivens* action and pointing out some of the specific areas in which Plaintiff's complaint was deficient. The M&O directed Plaintiff to file a complete and proper amended complaint that cures the deficiencies discussed therein. *Id.* at 6.

On September 19, 2022, Plaintiff filed 10 pages of handwritten information that appeared to be intended to supplement his complaint. (Docs. 5 and 6.) The following day, the Court issued a second M&O reminding Plaintiff that he must file a complete and proper amended complaint on court-approved forms, as directed, and informing Plaintiff that the Court would not consider the supplements. (Doc. 7.) On September 26, 2022, Plaintiff filed the amended complaint. (Doc. 8.) The Court screened the amended complaint and concluded that although the amended complaint cured some of the deficiencies that existed in the original complaint, it neither cured them all nor fully complied with the first M&O. (Doc. 9, p. 4.) Accordingly, on September 28, 2022, the Court issued a third M&O identifying deficiencies in the amended complaint and directing Plaintiff to file a complete and proper second amended complaint that cures the deficiencies. (Doc. 9.)

On October 6, 2022, Plaintiff filed his second amended complaint. (Doc. 12.) The Court has screened the complaint as required.

### III.     Screening Standards[1]

As explained in the Court's previous orders, the Court is required to screen a prisoner's complaint and dismiss any portion that is frivolous, malicious, fails to state a claim upon which

---

[1] Because *Bivens* claims and claims brought under 42 U.S.C. § 1983 are analogous, the Court cites to legal authority regarding both. *See Hernandez v. Mesa*, 140 S. Ct. 735, 747 (2020) (noting the parallel between the two causes of action).

relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. §§ 1915A(a)-(b). The Court liberally construes the pro se second amended complaint and applies less stringent standards than it would to formal pleadings drafted by attorneys. *See Erickson*, 551 U.S. at 94. During this initial screening, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted). As a result, courts "look to the specific allegations in the complaint to determine

3

whether they plausibly support a legal claim for relief." *Id.* (quotation marks and citations omitted). Under this new standard, "a plaintiff must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).

**IV.    Analysis**

As the factual background for the second amended complaint, Plaintiff alleges that at 8:30 p.m. on June 8, 2022, Plaintiff was in his cell and his cellmate threatened him with a knife. (Doc. 12, p. 2.) Plaintiff told Defendant Donley, a corrections officer at USPL, that Plaintiff's cellmate was threatening Plaintiff with a knife and Plaintiff asked Donley to help, but Donley refused. *Id.* At 10:20 p.m. that same night, Plaintiff's cellmate woke him; punched him in the face, ribs, and chest; and threw him from the top bunk to the floor. Plaintiff's cellmate then pulled out a knife, told Plaintiff to be quiet, and tried to rape Plaintiff while threatening Plaintiff with the knife. *Id.*

In Count I of the amended complaint, Plaintiff asserts: "Officer Donley refused to help when I told him to help me[.] He left me in the cell so I can get raped. He vi[o]late[d] my Eighth Amendment Rights." *Id.* at 5. As supporting facts for this count, Plaintiff states: "A-2 Unit Camera Back Half and medical Records and Administrative Receipt # 1125768-R1 and PREA." *Id.* In Count II, Plaintiff asserts that he suffered cruel and unusual punishment in violation of his Eighth Amendment rights,. *Id.* As supporting facts, he refers the Court to "Administrative Receipt #1129721-F1. *Id.* In Count III, he asserts "depression of life in violation of The Fourteenth Amendment Rights," and as supporting facts, he refers the Court to the two administrative receipts

4

identified above. *Id.* at 5, 9. In his request for relief, Plaintiff seeks $5,000,000.00 to $10,000,000.00. *Id.* at 10.

In the second amended complaint, Plaintiff also identifies the following additional defendants: (1) USPL nurse Gabriel, who allegedly took x-rays of Plaintiff's face the morning after his attack, identified "something wrong" on Plaintiff's jaw, but refused to give Plaintiff a pain pill; (2) Lieutenant Heartley, who allegedly took Plaintiff's statement after the attack, took him to the SHU instead of taking him for medical help, and the next day denied ever talking to Plaintiff about the attack; (3) Captain Keller, to whom Plaintiff allegedly sent a "cop-out" to which Lieutenant Jergenson responded; (4) Lieutenant Jergenson, who allegedly verbally harassed Plaintiff after the attack, called him names, and told Plaintiff, "Remember who you are[. N]obody care[s] if you get rape[d] or not"; (5) Lieutenant Carran, who allegedly falsely wrote up Plaintiff the afternoon after the attack, saying that Plaintiff had beaten his cellmate; (6) Dr. Clark, who allegedly took x-rays of Plaintiff on August 3, 2022, told Plaintiff his ribs were broken but that there was nothing he could do for Plaintiff, and refused to give Plaintiff a pain pill; (7) Case Manager Collins, who allegedly declined Plaintiff's request that he investigate; (8) Lieutenant Shilakter, who allegedly took Plaintiff's statement on July 6, 2022 but changed it and lied about what Plaintiff had said; and (9) DHO Deloiah, who declined Plaintiff's July 7, 2022, request that he investigate (*Id.* at 7-8). *Id.* at 2-4, 6-8.

As the Court previously advised Plaintiff, he must explain in the section of the form for identifying each claim and the facts that support it "what each defendant did to [the pro se plaintiff]; when the defendant did it; [and] how the defendant's action harmed [the plaintiff] . . . ." *See Nasious*, 492 F.3d at 1163. Without this detail, the Court cannot determine which Count involves conduct from which defendant. (See Doc. 9, p. 5-8.) The only Count in the second amended complaint that is clearly directed at a specific action by a specific defendant is Count I, which alleges that in June

2022, Donley violated Plaintiff's Eighth Amendment rights by refusing Plaintiff's request for help with his cellmate on the same night that Plaintiff's cellmate later attacked Plaintiff. As to the other defendants, however, it remains unclear whether Plaintiff intends to seek relief under Count I, Count II, or Count III.

The Court also previously cautioned Plaintiff that merely referring to medical records, camera footage, and administrative receipts that are not on file with this Court does not equate to sufficiently alleging facts to support a plausible claim on which relief can be granted. (Doc. 4, p. 4-5; Doc. 9, p. 6.) Specifically, the Court explained that Plaintiff must set forth supporting facts for each count "in the section of the complaint that connects the supporting facts to the claims for relief . . . ." (Doc. 9, p. 7.) Yet the facts set forth in support of Count II and Count III continue to consist only of reference to administrative receipts that are not before the Court. Thus, Count II and Count III will be dismissed for failure to state a claim upon which relief can be granted.

In any event, even setting aside the failure to connect specific defendants to specific counts for relief and liberally construing the facts asserted throughout the second amended complaint, the second amended complaint fails to allege sufficient facts to support a plausible claim for relief against any defendant other than Donley. Plaintiff alleges that Jergenson verbally harassed him after the attack, but "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 Fed. Appx. 393, 396 (10th Cir. 2005) (citing *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)). Plaintiff's claims against nurse Gabriel and Dr. Clark stem from his disagreement with their refusal to give him pain pills, but a difference of opinion between an inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106-07. Plaintiff alleges that Heartley took him to the SHU instead of taking him for medical help, but he has not alleged that the delay caused him to suffer

substantial harm, as required to state a plausible claim that a delay in medical care violated the Eighth Amendment. *See Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001). Plaintiff also asserts that Heartley violated his Tenth Amendment rights by lying, but the Tenth Amendment is "not readily construed as protecting rights that belong to individuals," and the violation of one of Plaintiff's constitutional rights is required for a successful claim under *Bivens. See McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 851 n.20 (2010), Thomas, J., concurring.

Plaintiff alleges that Keller failed to personally respond to a "cop-out" from Plaintiff, but the allegation that an official denied or failed to respond to a grievance is not sufficient to show personal participation, which is an essential element of a civil rights claim against an individual. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (noting essential nature of personal participation in constitutional violation); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006) (same); *see also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."). Plaintiff alleges that Carran and Shilakter lied about the attack and Plaintiff's statements about it, but a lie by a prison official does not necessarily rise to the level of violating a constitutional right. *See Harris v. Roberts*, 817 F. Supp. 895, 896 (D. Kan. 1993). If Plaintiff intended to challenge disciplinary proceedings in which Carran's alleged lie occurred, challenges to prison disciplinary proceedings must be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *See Abdulhaseeb v.* Ward, 173 Fed. Appx. 658, 659 n.1 (10th Cir. 2006) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (petitions under § 2241 are used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters)). And finally, Plaintiff has identified no constitutional right violated by Collins' and Deloiah's refusal to comply with Plaintiff's requests for further investigation.

Thus, this matter is subject to dismissal as brought against Defendants Deloiah, Gabriel, Clark, Heartley, Carran, Shilakter, Jergenson, Keller, and Collins because the second amended complaint, like the original complaint and the amended complaint, fails to state a claim against them on which relief can be granted. Those defendants will therefore be dismissed from this matter.

The Court further finds, however, that the proper processing of Plaintiff's claim against Defendant Donley in Count I cannot be achieved without additional information from appropriate officials of USPL. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of USPL to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's remaining claim under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED THAT:**

(1) Officials responsible for the operation of USPL are directed to undertake a review Plaintiff's Second Amended Complaint (Doc. 12):

   a. To ascertain the facts and circumstances;

   b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the claim against Defendant Donley; and

   c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to the claim against Defendant Donley and should be considered together.

(2) Upon completion of the review, a written report shall be compiled which shall be filed with the Court within **thirty days** of the date of this Order and served on Plaintiff. The officials must seek leave of the Court if they wish to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official

    documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(3) Authorization is granted to USPL officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(4) No answer or motion addressed to the Second Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(5) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the USPL Warden as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the Warden may move for termination from this action.

**IT IS FURTHER ORDERED** that Defendants Deloiah, Gabriel, Clark, Heartley, Carran, Shilakter, Jergenson, Keller, and Collins are dismissed from this matter due to Plaintiff's failure to state a claim against them on which relief may be granted. The sole remaining claim in this matter is Plaintiff's claim in Count I against Defendant Donley. Copies of this order shall be transmitted to Plaintiff, to the USPL Warden, and to the United States Attorney for the District of Kansas.

**IT IS SO ORDERED.**

DATED: This 11th day of October, 2022, at Kansas City, Kansas.

                 <u>S/ John W. Lungstrum</u>
                 JOHN W. LUNGSTRUM
                 United States District Judge