IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ARJUNE AHMED,**

        **Plaintiff,**

   v.               CASE NO. 22-3199-JWL-JPO

**D. DONLEY,**

        **Defendant.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

### I. Nature of the Matter before the Court

Plaintiff and federal prisoner Arjune Ahmed filed this pro se civil action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), seeking relief from federal officials. He proceeds pro se and in forma pauperis. On October 11, 2022, the Court issued a memorandum and order directing the officials responsible for the operation of the United States Penitentiary at Leavenworth, Kansas (USPL), where the relevant events allegedly occurred, to prepare and submit a *Martinez* report.[1] (Doc. 14.) *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). The *Martinez* report is currently due on or before December 12, 2022. (Doc. 17.) For the reasons set forth below, the Court will stay the deadline for the *Martinez* report and direct Plaintiff to show

---

[1] At the time Plaintiff filed his initial complaint, he was incarcerated at USPL. (Doc. 1-1.) The Court therefore mailed its subsequent orders to Plaintiff at USPL. On November 7, 2022, an order mailed to Plaintiff at USPL was returned to the Court undeliverable with the notation that Plaintiff is no longer at this institution. (Doc. 19.) The following day, the USPL warden filed a certificate of service (Doc. 20), informing the Court that Plaintiff remains in federal custody at MCC Chicago, Metropolitan Correctional Center, 71 West Van Buren Street, Chicago, IL, 60605. As the warden noted, it is Plaintiff's responsibility to formally notify the clerk in writing of his change of address. *Id.* at 1, n.1; *See* D. Kan. Rule 5.1(c)(3). In the interest of efficiency, however, the Court will direct the clerk to mail this memorandum and order to Plaintiff both at USPL, which remains his address of record in this matter, and at MCC Chicago. Plaintiff will be directed to notify the clerk in writing of his current address.

cause why this matter should not be dismissed for failure to state a claim on which relief can be granted.

The sole remaining ground for relief in this matter is an alleged violation of Plaintiff's rights by Defendant Donley. (Doc. 14, p. 4-6, 8.) Summarizing the allegations in the operative complaint, Plaintiff alleges that on June 8, 2022, Plaintiff's cellmate at USPL threatened him with a knife. (Doc. 12, p. 2.) Plaintiff told Defendant Donley about the threat and asked for help, but Defendant Donley refused to help him. Later that same night, Plaintiff's cellmate woke him, punched him, threw him from the top bunk to the floor, and sexually assaulted Plaintiff at knifepoint. *Id.*

## II.     Screening Standards[2]

As previously explained, because Plaintiff is a prisoner, the Court is required to screen the complaint and dismiss any portion that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. §§ 1915A(a)-(b). He proceeds pro se, so the Court liberally construes the complaint and applies less stringent standards than it would to formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). During this initial screening, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).

Nevertheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Moreover, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

---

[2] Because *Bivens* claims and claims brought under 42 U.S.C. § 1983 are largely analogous, the Court cites to legal authority regarding both. *See Hernandez v. Mesa*, 140 S. Ct. 735, 747 (2020) (noting the parallel between the two causes of action).

**III.     Analysis**

This matter is subject to dismissal because *Bivens* does not provide a private cause of action under which Plaintiff may proceed. In 1971, the United States Supreme Court in *Bivens* "create[d] 'a cause of action under the Fourth Amendment' against federal agents who allegedly manacled the plaintiff and threatened his family while arresting him for narcotics violations." *Egbert v. Boule*, 142 S. Ct. 1793, 1802 (2022). Since then, the United States Supreme Court has "extended *Bivens*" to recognize a private cause of action to recover damages against a federal agent in only two scenarios: (1) an administrative assistant suing a Congressman for violating her rights under the Due Process Clause of the Fifth Amendment by firing her because she was a woman and (2) a federal prisoner's estate suing federal jailers for violating his rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment by failing to provide adequate medical treatment. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55 (2017) (citing *Carlson v. Green*, 446 U.S. 14 (1980), and *Davis v. Passman*, 442 U.S. 228 (1979)). Otherwise, however, the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar*, 137 S. Ct. at 1857 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)); *see also Egbert*, 142 S. Ct. at 1803.

Specifically, the Supreme Court has held that when a federal court is "asked to imply a *Bivens* action," it must first "ask whether the case presents 'a new *Bivens* context'--*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Egbert*, 142 S. Ct. at 1803 (quoting *Ziglar*, 137 S. Ct. at 1859-60). The Supreme Court has interpreted the phrase "meaningfully different" broadly; in *Egbert*, it "consider[ed] . . . a claim that closely resembled the facts of *Bivens* itself" but "nevertheless rejected the Ninth Circuit's decision to allow that claim to proceed out of hand." *See Silva v. United States*, 45 F. 4th 1134, 1136 (10th Cir. 2022) (citing *Egbert*, 142 S. Ct. at 1800-02, 1804-07). The case now before this Court involves an allegation that a federal agent violated Plaintiff's Eighth Amendment rights by failing to protect

3

Plaintiff from foreseeable harm. Because neither *Bivens*, *Carlson*, nor *Davis* involved a claim of unconstitutional failure to protect, this case is meaningfully different from the cases in which the United States Supreme Court has implied a damages action.

The Supreme Court has further instructed that if the case is meaningfully different than *Bivens*, *Carlson*, and *Davis*, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 142 S. Ct. at 1803 (quoting *Ziglar*, 137 S. Ct. at 1858 (internal quotation marks omitted)). As Justice Gorsuch recognized in his concurring opinion in *Egbert*, "if the only question is whether a court is 'better equipped' than Congress to weigh the value of a new cause of action, surely the right answer will always be no." *Egbert*, 142 S. Ct. at 1810 (Gorsuch, J., concurring in the judgment); *see also Wellington v. Daza*, 2022 WL 3041100, *1 n. 1 (10th Cir. Aug. 2, 2022) (unpublished) (quoting Justice Gorsuch's concurrence and noting that, even though *Bivens* involved a Fourth Amendment claim, *Egbert* "may nevertheless affect" the viability of future Fourth Amendment claims). Moreover, in *Egbert*, the Supreme "Court emphasized that recognizing a new *Bivens* action is an extreme course of action that 'entail[s] substantial social costs.'" *Silva*, 45 F.4th at 1140 (quoting *Egbert*, 142 S. Ct. at 1807). As the Tenth Circuit has explained, *Egbert* leaves "no doubt that expanding *Bivens* is not just 'a judicially disfavored activity,' it is an action that is impermissible in virtually all circumstances." *Silva*, 45 F.4th at 1140 (citing *Egbert*, 142 S. Ct. at 1803-07, 1809-10). Thus, this Court is disinclined to expand *Bivens* to include claims of an unconstitutional failure to protect. *See Silva*, 45 F. 4th at 1136 ("[The Supreme Court's message could not be clearer--lower courts expand *Bivens* claims at their own peril.").

Finally, the Tenth Circuit has identified "the key takeaway from *Egbert*" as "courts may dispose of *Bivens* claims for 'two independent reasons:  Congress is better positioned to create

4

remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs." *Silva*, 45 F.4th at 1141 (quoting *Egbert*, 142 S. Ct. at 1804). As explained above, it appears that under the current caselaw, this Court must conclude that Congress is better positioned to create remedies for federal prisoners who are injured after a federal prison employee fails to protect them from foreseeable harm. Therefore, the Court may not imply a private cause of action under *Bivens* to remedy this type of alleged constitutional violation. Because *Bivens* does not create a private right of action for a federal agent's unconstitutional failure to protect an inmate, it appears that no private cause of action currently exists under which Plaintiff may seek money damages for the events alleged in the sole remaining ground for relief in his complaint.

## IV. Conclusion

For the reasons stated herein, the complaint is subject to dismissal in its entirety because it fails to state a claim on which relief can be granted. Specifically, it fails to identify a source that creates a private right of action for Plaintiff to seek relief based on his allegation that federal agents failed to protect him from foreseeable harm at the hands of another inmate. Therefore, Plaintiff will be directed to show cause why this matter should not be dismissed. If Plaintiff fails to do so within the prescribed time, this matter will be dismissed without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that the deadline for submission of the *Martinez* Report is stayed until further notice from this Court.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including December 16, 2022, to notify the clerk in writing of his current address. If Plaintiff fails to do so, this matter may be dismissed without further prior notice to Plaintiff. The Clerk shall mail this memorandum and order to Plaintiff at both his address of record, which is USPL, and at MCC Chicago.

**IT IS FURTHER ORDERED** that Plaintiff is granted to and including December 16, 2022, to show cause, in writing, why this matter should not be dismissed in its entirety for failure to state

a claim on which relief can be granted. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:   This 10th day of November, 2022, at Kansas City, Kansas.

<u>S/ James P. O'Hara</u>

JAMES P. O'HARA
United States Magistrate Judge