IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ARJUNE AHMED,

                            **Plaintiff,**

         v.                                             CASE NO. 22-3199-JWL-JPO

D. DONLEY,

                            **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff Arjune Ahmed filed this pro se civil action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), seeking relief from federal officials. He proceeds pro se and in forma pauperis. For the reasons given below, the Court dismisses the matter without prejudice.

Plaintiff filed this action on September 9, 2022, while he was a prisoner at the United States Penitentiary at Leavenworth, Kansas (USPL). (Docs. 1, 1-1.) The return address for his amended complaint filed on September 26, 2022 and his second amended complaint filed on October 6, 2022 also indicated that he was incarcerated at USPL. (Docs. 8-1, 12-1.) After beginning the screening process required by 28 U.S.C. § 1915A, the Court determined that additional information was necessary to complete the screening of Plaintiff's Claim against Defendant Donley. Thus, on October 11, 2022, the Court directed the officials responsible for the operation of USPL to compile and submit a *Martinez* report. (Doc. 14.) *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

On October 27, the Court granted a motion for extension of time to file the *Martinez* report. (Doc. 18.) The order granting the motion was mailed to Plaintiff at USPL but was returned to the

1

Court on November 7, 2022, with a notation that Plaintiff was no longer incarcerated there. (Doc. 19.) The following day, the warden of USPL, who had been added to the docket as an interested party when the Court ordered the *Martinez* report, informed the Court that Plaintiff had been transferred to MCC Chicago in Chicago, Illinois. (Doc. 20.) The warden further advised the Court that a copy of the motion for extension of time and the order granting the motion were sent to Plaintiff at MCC Chicago. *Id.*

On November 10, 2022, the Court issued a memorandum and order to show cause (MOSC) staying the deadline for submission of the *Martinez* report and directing Plaintiff to show cause why this matter should not be dismissed in light of the limited availability of *Bivens* to create a private cause of action against federal agents. (Doc. 21.) The MOSC advised Plaintiff that if he failed to respond "within the prescribed time, this matter will be dismissed without further prior notice to Plaintiff." *Id.* at 5. The deadline for Plaintiff's response was December 16, 2022. *Id.*

In addition, the MOSC ordered Plaintiff to notify the clerk in writing of his current address on or before December 16, 2022. *Id.* It cautioned that if he "fails to do so, this matter may be dismissed without further prior notice to Plaintiff." *Id.* In an abundance of caution, the Court directed the clerk to mail the MOSC to Plaintiff at both his address of record, which was USPL, and at MCC Chicago. *Id.* The copy mailed to USPL was returned to the Court because Plaintiff was no longer at USPL, but the copy mailed to MCC Chicago was not. (*See* Doc. 22.)

The deadline in the MOSC has now passed and Plaintiff has neither informed the Clerk in writing of his current address nor responded to the MOSC. Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders").

Because Plaintiff has failed to comply with the MOSC, the Court concludes that this matter should be dismissed without prejudice under Rule 41(b).

In addition, in the absence of a response to the MOSC, the Court sees no reasons to alter its prior conclusion that this matter is subject to dismissal because it fails to state a claim on which relief can be granted. Specifically, it fails to identify a source that creates a private right of action for Plaintiff to seek relief based on his allegation that federal agents failed to protect him from foreseeable harm at the hands of another inmate. Accordingly, the Court finds that this action is also subject to dismissal for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED** that *Martinez* Report ordered on October 11, 2022 is no longer required. This matter is dismissed without prejudice under Rule 41(b) and for failure to state a claim on which relief can be granted.

**IT IS SO ORDERED.**

DATED:   This 27th day of December, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge