**FILED**
**U.S. District Court**
**District of Kansas**
07/22/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ARJUNE AHMED

              **Plaintiff,**

    **v.**                                      **CASE NO.  22-3199-JWL-JPO**

D. DONLEY, et al.,

              **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Arjune Ahmed filed this pro se civil rights action in September 2022 seeking relief from federal officials for the alleged violations of his constitutional rights. (Doc. 1.) At the time, Plaintiff was incarcerated at what was then called the United States Penitentiary in Leavenworth, Kansas ("USPL"). (*See* Doc. 4, p. 1.) The Court screened the case and allowed Plaintiff to amend his complaint multiple times. (*See* Docs. 7-9, 12.) Ultimately, the Court narrowed the case to one claim against one defendant and ordered USPL officials to compile and file a written report as authorized by *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). (Doc. 14.)

As per the Court's usual practice, copies of the orders in this case were mailed to Plaintiff at his address of record. On November 7, 2022, the Court received one such order that had been returned from USPL marked "inmate not at this institution." (Doc. 19.) The following day, the USPL warden filed documents indicating that Plaintiff had been transferred to the federal Metropolitan Correctional Center ("MCC") in Chicago, Illinois. (Doc. 20.) In a memorandum and order to show cause ("MOSC") issued on November 10, 2022, the Court stayed the deadline for the *Martinez* report and ordered Plaintiff to notify the clerk in writing of his current address. (Doc. 21.) The MOSC also granted Plaintiff time to show cause why this case should not be dismissed

because recent caselaw developments meant that *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), did not provide a private cause of action for Plaintiff to assert his claim. *Id.* The MOSC was mailed to Plaintiff at both USPL and MCC. *Id.*

On November 21, 2022, the Court received returned mail from USPL reflecting that the MOSC was being returned because Plaintiff was not incarcerated there. (Doc. 22.) The deadline for compliance with the MOSC came and went and the Court received nothing further from Plaintiff, so on December 27, 2022, the Court dismissed this matter without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order and, alternatively, for failure to state a claim on which relief could be granted. (Doc. 23.) Judgment was entered the same day. (Doc. 24.)

In March 2023, the Court received from Plaintiff a notice of change of address, indicating he had returned to USPL. (Doc. 26.) As a courtesy, the Clerk mailed to Plaintiff a copy of the dismissal order, a copy of the judgment, and a current docket sheet. Plaintiff took no further action in this case until July 16, 2026, when he filed the motion to reopen the case that is now before the Court. (Doc. 27.)

In the motion, Plaintiff explains that he is untrained in the law, is from Ethiopia, and has a limited understanding of English. *Id.* at 1. He states that he did not pursue this case earlier because he was afraid of USPL staff members who threatened him and told him they would hurt him if he followed up on this case. *Id.* Plaintiff further explains that in December 2022, while in custody of United States Marshals in Oklahoma, he was hit by a car. *Id.* His attorney at the time told him that if he filed anything, he would get a longer prison sentence. *Id.* at 1-2. Liberally construed, the motion also asserts that Plaintiff was denied medical treatment and that the accident caused some

memory loss or forgetfulness. *Id.* at 2. Plaintiff states that he is now in a different prison[1] where he feels safe, so he is able to pursue this case without fear. *Id.* He asks the Court to reopen this case and appoint counsel to represent him. *Id.*

The motion does not acknowledge the fact that this case was dismissed on two bases: under Rule 41(b) because Plaintiff failed to comply with a court order *and* for failure to state a claim because *Bivens* did not provide a private right of action. Even if Plaintiff's stated reasons for failure to comply with court orders were persuasive, the Court remains convinced that it correctly dismissed this case for failure to state a claim on which relief could be granted.

Moreover, Plaintiff provides no legal authority to support his request to reopen this matter. Motions to reopen are generally analyzed under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Because Plaintiff's motion was not filed within 28 days after the entry of the judgment, the Court will treat it as a motion under Rule 60(b). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.") Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

---

[1] The Court notes that Plaintiff's address of record in this case remains USPL, or, as it is now called, Federal Correctional Institution – Leavenworth. However, the return address on the envelope in which Plaintiff submitted his motion to reopen is the United States Penitentiary in Atwater, California. (*See* Doc. 27-2.) The Court will direct the Clerk to send a copy of this order to Plaintiff care of the United States Penitentiary in Atwater, California, but Plaintiff is again reminded that it is his responsibility to ensure that the clerk of court has his current address information.

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks and citation omitted).

Plaintiff's arguments regarding threats by USPL staff perhaps could be liberally construed as an argument under Rule 60(b)(3) because of "misconduct by an opposing party." But even if the Court did so, motions seeking relief under Rule 60(b)(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." *See* Fed. R. Civ. P. 60(c). Judgment was entered in this case on December 27, 2022. Thus, to the extent Plaintiff seeks to reopen this case under Rule 60(b)(3), his motion is untimely. The Court is unpersuaded that exceptional circumstances exist that justify granting relief under Rule 60(b) and reopening this case.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to reopen (Doc. 27) is **denied.** This case will remain closed. The clerk is directed to send a copy of this order to Plaintiff's address of record and to the return address indicated on the letter in which the Court received the motion to reopen. (*See* Doc. 27-2.)

**IT IS SO ORDERED**.

**Dated this 22nd day of July, 2026, in Kansas City, Kansas.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

4